**ZE SHENG JIN, Ren Hua Li, Petitioners,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,[1] Respondent.**

No. 08–4367–ag.

United States Court of Appeals, Second Circuit.

June 5, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Man C. Yam, New York, NY, for Petitioners.

Michael F. Hertz, Assistant Attorney General, Linda S. Wernery, Assistant Director, Thankful T. Vanderstar, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioners Ze Sheng Jin and Ren Hua Li, natives and citizens of the People's Republic of China, seek review of an August 13, 2008 order of the BIA affirming the October 17, 2006 decision of Immigration Judge ("IJ") Gabriel C. Videla, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ze Sheng Jin, Ren Hua Li*, Nos. A96 262 382, A94 778 715 (B.I.A. Aug. 13, 2008), *aff'g* Nos. A96 262 382, A94 778 715 (Immig. Ct. N.Y. City Oct. 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, *i.e.*, minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

Though not without error, the agency's adverse credibility determination was supported by substantial evidence. With respect to Jin's demeanor, the IJ properly concluded that Jin was vague and evasive in answering the IJ's questions. Because particular deference is given to the trier of fact's assessment of demeanor, and the record supports the IJ's finding, the IJ properly relied on Jin's demeanor in finding him not credible. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005). The IJ also properly concluded that Jin provided inconsistent responses when questioned about a religious service he attended. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc). The IJ also found the petitioners' testimony inconsistent with regard to when the police came to their home on August 2002. Because they fail to challenge this finding in their brief to this Court, it stands as a valid basis for the agency's credibility determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

Substantial evidence does not, however, support the IJ's finding that Jin was not credible because he chose to resettle in the United States rather than Korea, despite his Korean ethnicity. *See Damaize–Job v. I.N.S.,* 787 F.2d 1332, 1337 (9th Cir.1986) ("Damaize's claims of persecution are no less credible because once he left Nicaragua, he was not satisfied with 'any port in a storm.' It is quite reasonable for an individual ... who has experienced persecution ... to seek a new homeland that is insulated from ... instability ... and that offers more promising economic opportunities."). We also find error in the IJ's conclusion that Jin's testimony was inconsistent with the medical record that he submitted. While that document may not have stated that Jin was beaten by authorities, it is hardly surprising that a doctor in a government hospital would choose to omit such information from his or her report. *See Mitondo v. Mukasey,* 523 F.3d 784, 788 (7th Cir.2008) ("Countries that oppress their citizens may be disordered in other ways-so that, for example, medical records are unreliable, and victims cannot use them to demonstrate injuries received at the hands of police, or may record events in ways that complicate interpretation (for example, whether an abortion was compulsory or voluntary may be omitted from the file or noted in a way that foreigners find opaque)."). Despite these errors, we ultimately conclude that the IJ's adverse credibility determination was supported by substantial evidence. *See Corovic,* 519 F.3d at 95 (2d Cir.2008); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006).

Because the only evidence of a threat to the petitioners' life or freedom depended upon their credibility, the adverse credibility determination in this case necessarily precludes success on their claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).